# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| RAY G. STOUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 4:06CV01165 ERW** |
| | ) | |
| JAMES A. GAMMON, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

This matter is before the Court upon petitioner Ray G. Stout's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

### The petition

Petitioner, an inmate at the Moberly Correctional Center, Moberly, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner names as respondent James A. Gammon, warden of the Moberly Correctional Center. Petitioner seeks an Order releasing him from confinement on four grounds: 1) an illegal sentence; 2) double jeopardy; 3) the failure of sheriff to comply with the sentencing order and with due process; and 4) an unreasonable determination of the facts in light of the evidence presented.

On July 30, 2002, in Ralls County Circuit Court, petitioner was convicted, after a bench trial of two counts: stealing and first degree tampering. The court sentenced petitioner to seven years' imprisonment. Petitioner filed an appeal with the Missouri Court of Appeals for the Eastern District, and judgment was affirmed on June 17, 2003. Petitioner did not file a direct appeal with the Missouri Supreme Court. On January 10, 2006, petitioner filed a petition for writ of habeas

---

[1]The Court's records reflect that petitioner paid the $5.00 filing fee to initiate a habeas corpus action on August 3, 2006.

corpus in the Randolph County Circuit Court, which was denied on February 24, 2006. His motion

for reconsideration was denied on March 27, 2006. Petitioner filed a second petition for writ of

habeas corpus in the Missouri Court of Appeals for the Western District on May 4, 2006; said

petition was denied on May 10, 2006. Petitioner appealed the denial of his petition for writ of habeas

corpus to the Missouri Supreme Court on May 23, 2006, which was denied on June 30, 2006.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts provide that a district court may summarily dismiss a petition for writ of habeas

corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition

indicates that it is time-barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal.

Although the one-year limitations period prescribed by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA) is tolled during the pendency of a "properly filed application

for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), a state court filing

submitted after the AEDPA's deadline does not toll the limitations period. *Fisher v. Gibson*, 262

F.3d 1135, 1142-43 (10th Cir. 2001).

The Missouri Court of Appeals affirmed petitioner's conviction and sentence on June

17, 2003. Petitioner did not appeal to the Missouri Supreme Court, and it was not until January 10,

2006, that petitioner filed a petition for writ of habeas corpus in the Randolph County Circuit Court.

Thus, even affording him ten days in addition to the AEDPA's one-year limitation period, *see*

Mo.S.Ct.R.Crim.P. 30.01(d), his deadline for filing a federal habeas action expired on or about June

27, 2004. Because petitioner did not file his state habeas petition until January 10, 2006, more than

one-and-one-half years after the AEDPA's deadline, he cannot avail himself of statutory tolling

regardless of whether his state motion was timely filed.

Petitioner asserts that his claim should be equitably tolled because he is not challenging the judgment of the state court. Rather, he states that he is challenging Missouri's jurisdiction to restrain him of his liberty without due process and equal protection of the law and that the question of jurisdiction may be raised at any time. The apparent basis for these assertions is that the state court judge ordered his sentence to be served consecutive to his federal parole violation. Thus, the sheriff delivered petitioner to federal custody instead of to the Missouri Department of Corrections. Petitioner states that these actions occurred at the time of sentencing, or on or about August 2, 2002.

Although the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), petitioner is not entitled to relief under these circumstances. "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Hatcher v. Hopkins*, 256 F.3d 761, 1763 (8th Cir. 2001) (citing *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000). Because petitioner was aware of the circumstances that provide the basis for his allegations on or about August 2, 2002, it appears to be lack of diligence rather than extraordinary circumstances that caused the untimely filing. Thus, equitable tolling is not warranted. Accordingly, the action will be dismissed, without prejudice, as time-barred.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the petition is time-barred.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus be **DENIED**, without prejudice.

An appropriate order of dismissal shall accompany this memorandum and order.

So Ordered this 31st Day of August, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**